UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Amir Ohayon

          Plaintiff,

**DEMAND FOR JURY TRIAL**

C.A. No.: 0:20-cv-62664

-v.-

JP Morgan Chase Bank, N.A.

          Defendant(s).

## COMPLAINT

Plaintiff Amir Ohayon ("Plaintiff") by and through his attorneys, and as and for his Complaint against Defendant JP Morgan Chase Bank, N.A. ("Chase"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violations of Section 227 *et.seq.* of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA").

### PARTIES

2. Plaintiff is a resident of the State of Florida, County of Broward.

3. Defendant JPMorgan Chase Bank, N.A., is a corporation with an address for service c/o the Corporation Trust Center, located at 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

7. Sometime prior to July 2020, an obligation was allegedly incurred with Chase.

8. On information and belief, on a date better known to Defendant, Defendant began calling Plaintiff's cellular telephone (ending in 7878), using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

9. Defendant placed calls to Plaintiff's cell phone in the manner described previously.

10. On or around July, 2020 Plaintiff told Defendant not to contact him on his cellphone and revoked any consent the Defendant may have previously had to call the Plaintiff in this manner.

11. Once the Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

12. Defendant ignored Plaintiff's prior revocation and continued to call his cellular telephone number on a consistent basis.

13. These calls from Defendant Chase to Plaintiff was a collection communication in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

14. As a result of Defendant's unfair practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)

15. Plaintiff incorporates by reference paragraphs 1-14 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

16. The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1).

17. Defendant used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

18. Defendant used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A).

19. Defendant willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

## DEMAND FOR TRIAL BY JURY

20. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Amir Ohayon demands judgment from Defendant JP Morgan Chase Bank, N.A. as follows:

a) For actual damages provided and pursuant to 47 U.S.C. § 227(b)(3);

b) For statutory damages provided and pursuant to 47 U.S.C. § 227(b)(3);

c) For attorney fees and costs provided and pursuant to 47 U.S.C. § 227(b)(3);

d) A declaration that the Defendant's practices violated the TCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: December 28, 2020                                        Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Fax: (954) 272-7807
Justin@zeiglawfirm.com
*Attorney for Plaintiff*