UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62664-COHN/STRAUSS

AMIR OHAYON,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.,

    Defendant.
_____/

### ORDER DENYING MOTION TO COMPEL[1]

THIS MATTER came before the Court upon the Motion to Compel of Defendant JPMorgan Chase Bank, N.A. ("Motion") [DE 19], filed on July 20, 2021. The Court has reviewed the Motion, all related filings [DE 20, 23, 25], and the record in this case.

Pursuant to the Motion, Defendant requests that the Court compel Plaintiff to respond to Defendant's First Request for Production and First Set of Interrogatories without objection, deem admitted Defendant's First Request for Admissions, and award sanctions to Defendant. All three discovery requests were served on May 21, 2021.[2] Therefore, Plaintiff's responses were due by June 21, 2021, 3 days before the June 24, 2021 fact discovery deadline. Plaintiff, however, failed to respond to the discovery requests. Consequently, Defendant's counsel emailed Plaintiff's counsel, on June 25, 2021, stating, *inter alia*, that Plaintiff waived objections by failing to timely

---

[1] This case has been referred to me, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for appropriate disposition of all pretrial discovery motions [DE 4].

[2] Plaintiff disputes receiving service of the discovery requests, stating that they went to his "junk" mailbox. Nonetheless, the Court need not resolve this issue because the Motion is due to be denied on other grounds.

respond to the discovery requests, and asking whether Plaintiff would provide responses without objection by June 30, 2021. [DE 20-4] at 4. Plaintiff's counsel responded to the email, a few hours after it was sent, stating that he did not have any record of receiving the discovery requests. *Id.* Defendant's counsel responded with an email saying, "[s]ee attached" (presumably attaching the May 21, 2021 email containing the discovery requests). *Id.* Plaintiff's counsel then responded the following business day (June 28, 2021), asking if Plaintiff could have 14 days to respond. *Id.* Defendant's counsel, however, refused to provide any extension of time for Plaintiff to respond absent Plaintiff agreeing that objections were waived and that requests for admissions were deemed admitted. *See id.* at 2-3. Plaintiff's counsel did not agree. *Id.* at 2. Defendant's counsel then sent one final email, on July 1, 2021, stating that she would have agreed to an extension if one was requested before the response deadline passed – the implication being that she would not agree to extend the deadline (at least not without an agreement that objections were waived) because no extension was requested prior to the deadline. Thus, it is abundantly clear that the parties never agreed to any extension (or to anything else).

The parties' communications regarding the discovery requests at issue appear to have ceased after the July 1, 2021 email, and Defendant's counsel does not appear to have ever attempted to confer by phone. Nonetheless, Defendant's counsel did not file the Motion for an additional 19 days after sending the July 1, 2021 email, and more significantly, 26 days after the fact discovery deadline. Therefore, the Court entered an Order stating, in pertinent part, the following:

> By 7/21/2021, Defendant shall file a supplement to the motion to address why the Court should not outright deny the motion in light of Defendant's failure to file the motion prior to the fact discovery deadline. Notably, **"[t]he Court does not entertain motions to compel filed after the discovery cutoff because relief cannot be granted now that the discovery period is closed, unless there are compelling reasons to do so (e.g. violation of an earlier discovery order)."** *Wing*

> ***Kei Ho v. Bank of Am., N.A.***, No. 16-80538-CV, 2019 WL 1333097, at *1 (S.D. Fla. Mar. 19, 2019) (quoting ***Wademan v. United States***, No. 16-10002-CIV, 2017 WL 7794321, at *1 (S.D. Fla. May 3, 2017)). **Here, Defendant does not assert that any earlier discovery order has been violated or offer any other compelling reason for waiting to bring the motion at such a late stage. According to the motion, the discovery responses at issue were due on June 21, 2021. Although the fact discovery deadline was June 24, 2021, defense counsel did not even attempt to confer until the following day, June 25, 2021. After exchanging a few emails between June 25, 2021 and July 1, 2021, without reaching any resolution, Defendant then failed to seek relief until July 20, 2021 (nearly 4 weeks after the fact discovery deadline). At this stage, even the expert discovery deadline passed 12 days ago, and the dispositive motion deadline is in 2 days. Therefore, Defendant's supplement shall address why the Court should entertain the motion notwithstanding the foregoing.**

[DE 21] (emphasis added).[3] The Court entered the foregoing Order to provide Defendant with an opportunity to file such a supplement instead of denying the Motion without affording Defendant that opportunity.

Nonetheless, Defendant's supplement fails to provide any compelling reasons (such as the violation of an earlier discovery order) to consider Defendant's untimely Motion.[4] Defendant's own conduct created, and then compounded, the instant situation where Defendant seeks relief well after the discovery deadline has passed. Although technically permissible, Defendant waited to serve its initial discovery requests until a mere 3 days before the latest date to serve written

---

[3] The dispositive motion deadline has since been extended to August 6, 2021 [DE 24].

[4] For instance, Defendant contends that the Motion is timely under Local Rule 26.1(g), which requires a discovery dispute such as this one to be presented to the Court within 30 days of when the responses were due. But simply because Defendant did not violate this rule (it filed the Motion on day 29) does not excuse Defendant's non-compliance with other requirements such as the requirement to file discovery motions before the discovery deadline. Also, Defendant states that it waited to file the Motion because Plaintiff's counsel indicated he would provide responses within 14 days of the parties' email communications. Defendant indicates it held off on filing the Motion to wait for this 14-day period to elapse. However, this contention is suspect. As noted above, it is abundantly clear that the parties never reached an agreement and that Plaintiff never agreed to provide responses and documents within 14 days if it meant that objections were waived. Moreover, Plaintiff's 14-day request (to which Defendant did not agree) was made on June 28, 2021, but Defendant did not file the Motion until 22 days later.

3

discovery requests – given that written discovery requests must be served *at least* 30 days before the discovery deadline, *see* S.D. Fla. L.R. 26.1(d).[5]  By serving its requests so late, Defendant left little time to resolve any issues with responses to those requests before the discovery deadline. Given that Defendant did wait so long, when Plaintiff failed to timely respond, Defendant needed to act urgently.  Defendant's counsel needed to immediately attempt to confer with opposing counsel and to seek Court intervention by June 24, 2021 (the fact discovery deadline) at the very latest.  Yet, Defendant's counsel did not even attempt to confer with Plaintiff's counsel until June 25, 2021, the day after the fact discovery deadline.  Even worse, Defendant then waited to seek relief until 26 days after the fact discovery deadline.  As described above, while Defendant's motion did come (barely) within the 30 day window prescribed by Local Rule 26.1(g), the decision to wait so long to seek relief evidences a lack of appreciation for the Court's deadlines.  While Defendant contends it will be prejudiced if it does not receive the requested discovery, it is Defendant's dilatory conduct that put Defendant in this situation.  Unfortunately, at this late stage, granting relief would likely result in the delay of other deadlines and the trial date.  Regardless, Defendant should not have waited to seek Court intervention until 26 days after the fact discovery deadline.  Under the circumstances, Defendant's conduct is inexcusable and does not warrant relief.

---

[5] The parties held their Rule 26(f) conference on January 29, 2021 [DE 9], and the Court entered the Scheduling Order [DE 12] setting pretrial deadlines on February 12, 2021.  Thus, Defendant allowed more than three months (more than 75% of the discovery window in this case) to elapse before serving its "First" requests for production and admission and "First" set of interrogatories on May 21, 2021.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion [DE 19] is **DENIED** as untimely.[6]

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of July 2021.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

[6] The Court notes, however, that it is not necessary to file a motion to deem requests for admissions admitted because requests for admissions are automatically deemed admitted when a party fails to timely respond or object. *See Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 1:20-CV-20079, 2021 WL 2661187, at *2 (S.D. Fla. June 29, 2021) ("[R]ule [36(a)(3)] operates automatically; once a party fails to answer or object to the requests for admissions, the matters are admitted. . . . Thus, a motion to deem requests for admissions admitted is unauthorized and unnecessary." (internal citations omitted)).